J. S20027/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT THEODORE WILSON, | : | No. 2761 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 28, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002353-1996

BEFORE:  BOWES, J., OTT, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 19, 2017**

Robert Theodore Wilson appeals, **_pro se_**, from the order entered July 28, 2016, dismissing his serial PCRA[1] petition.[2]  We affirm.

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] Although the order was dated and docketed July 27, 2016, it was not sent to appellant by first class mail until the following day, July 28, 2016. Therefore, the notice of appeal had to be filed by Monday, August 29, 2016. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of court mails or delivers copies of an order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).  Appellant's **_pro se_** notice of appeal was time-stamped and docketed on August 29, 2016.  (Docket #85.) Therefore, appellant's notice of appeal was timely filed even without application of the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997), for an explanation of the prisoner mailbox rule.

On March 19, 1996, following a jury trial, appellant was found guilty of first-degree murder and criminal conspiracy relating to the shooting death of Jamar Prattis on June 29, 1995. It is undisputed that appellant was born on November 27, 1975, and was 19 years, 7 months old at the time of the murder. On April 22, 1996, appellant was sentenced to life imprisonment without the possibility of parole as a result of those convictions.

Appellant filed a timely direct appeal, and on July 25, 1997, this court affirmed the judgment of sentence. On November 25, 1997, our supreme court denied *allocatur*. *Commonwealth v. Wilson*, 701 A.2d 785 (Pa.Super. 1997) (unpublished memorandum), *appeal denied*, 704 A.2d 637 (Pa. 1997). Therefore, appellant's judgment of sentence became final for PCRA purposes on February 23, 1998, when the 90-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13, 28 U.S.C.A. (petition for writ of *certiorari* is deemed timely when it is filed within 90 days after denial of *allocatur*). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). As such, the instant petition, appellant's fourth, is manifestly untimely unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant relies on Section 9545(b)(1)(iii), the after-recognized constitutional right exception. Appellant claims that he is entitled to relief based on the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon defendants convicted of murder who were "under the age of 18 at the time of their crimes," and the Supreme Court's recent decision in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), which held that its decision in *Miller* applies retroactively to cases on state collateral review.

Appellant acknowledges that he was 19 years old at the time of the murder. Nevertheless, appellant argues that the protections in *Miller* should be extended to him since some of the same considerations apply. Appellant argues that the bright-line delineation between those defendants who were under 18 years of age at the time of the offense and those who were over 18 years of age is arbitrary and violates equal protection. (Appellant's brief at 12.) According to appellant, the brains of 19-year-olds are also not yet fully developed and, therefore, they are less culpable. (*Id.* at 21.)

The identical argument was recently addressed by this court in *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) ("petitioners who were older than 18 at the time they committed murder are

not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"), citing **Commonwealth v. Cintora**, 69 A.3d 759 (Pa.Super. 2013). As such, the PCRA court correctly concluded that it lacked jurisdiction to consider appellant's untimely PCRA petition. We, therefore, affirm the PCRA court's order denying appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017